UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT INSEL** | **CASE NO. 2:22-CV-06081** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **PENN NATIONAL GAMING INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the court is a Motion for Summary [doc. 19] filed by defendants Penn National Gaming Inc.; Pinnacle Entertainment, Inc.; PNK Lake Charles LLC; and Zurich American Insurance Co. Plaintiff opposes the motion. Doc. 22.

## I.
### BACKGROUND

This suit arises from injuries suffered by plaintiff, a guest at L'Auberge Casino and Resort in Lake Charles, Louisiana, when he was injured in his hotel room. Plaintiff alleges that he was showering on April 1, 2021, when worms started crawling up his leg from the shower drain, which caused him to lose his balance and fall. Doc. 1, att. 8, p. 2. He filed suit in state court against the owners and operators of the casino as well as their insurer, raising negligence claims under Louisiana law based on the unreasonable risk of harm created by these "drain worms" and defendants' failure to warn of same. *Id.* at 1–6.

Defendants now move for summary judgment, asserting that they lacked actual or constructive notice of the condition and therefore cannot be held liable. Doc. 19. Plaintiff opposes the motion, arguing that the condition was created by negligent cleaning of

defendants' employees and issues of fact remain as to defendants' notice of the condition. Doc. 22.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). Under Louisiana law, negligence is examined under a duty/risk analysis. The duty/risk analysis consists of four parts: (1) cause-in-fact, (2) existence of a duty, (3) breach of duty, and (4) whether the risk, and harm caused, was within the scope of protection afforded by the duty breached. *Roberts v. Benoit,* 605 So.2d 1032, 1043 (La. 1991). Whether a duty is owed is a question of law; whether a defendant has breached that duty is a question of fact. *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467, 476 (La. 2023) (citing *Broussard v. State ex rel. Office of State Bldgs.*, 113 So.3d 175, 184–85 (La. 2013)). Additionally:

> A hotel owes a duty to its patrons to exercise reasonable and ordinary care including maintaining the premises in a reasonably safe and suitable condition. *Johnson v. Super 8 Lodge–Shreveport*, 47,081 (La. App. 2 Cir. 4/25/12), 92 So.3d 519; *Spencer v. Red River Lodging*, 37,930 (La. App. 2 Cir. 2/5/04), 865 So.2d 337. Although the keepers of inns, lodging houses, or restaurants are not the insurers of the safety of their guests, they are under an obligation to exercise, at least, ordinary or reasonable care to keep them from injury. *Id.*

*Kennedy v. Red River Entertainment of Shreveport, LLC*, 245 So.3d 1098, 1101–02 (La. Ct. App. 2d Cir. 2017). Accordingly, a plaintiff cannot recover unless he shows that the defendant knew or should have known of the defective condition. *Id.* (citing *Johnson v. Super 8 Lodge-Shreveport*, 92 So.3d 519 (La. Ct. App. 2d Cir. 2012)).

Defendants submit, *inter alia*, a declaration from PNK risk manager Gerald Forester.[1] Forester attests that the hotel has never received complaints of worms in showers either before or since this incident. Doc. 19, att. 1, ¶ 11. He states:

> In my capacity as risk manager, I know that PNK cleans hotel rooms between the time when a guest checks out of a hotel and a different guest checks in to the hotel room. Before any room is released for a guest's use, the showers are cleaned with an industrial and professional grade disinfecting acid bathroom cleaner made by Ecolab and called "73 Disinfecting Acid Bathroom Cleaner."

*Id.* at ¶ 5. He also states that, based on his review of the data sheet, this cleaner is "toxic to daphnia magna (Water Flea) and aquatic invertebrates, as well as algae." *Id.* at ¶ 6. Attached is the safety data sheet for Ecolab 73 Disinfecting Acid Bathroom Cleaner. Doc. 19, att. 3.

Plaintiff relies on his own account of the incident—namely, that he was taking a shower when he noticed a worm on his leg and slipped in his attempt to knock it off. Doc. 22, att. 3, pp. 114, 125–27. He also contends that he showed the worms to a security guard who inspected the room afterward, and that she agreed, "[T]hat's nasty." *Id.* at 205–06. He produced screenshots from a video of the shower, which show a worm less than an inch in length on the wet floor of a shower. *Id.* at 248–51. From the video, the caulking around the edge of the shower appears old and blackened in some areas. *Id.* But it was the worm(s) that allegedly caused plaintiff's fall, not the caulking. There is no argument that defendants

---

[1] In his opposition plaintiff moves to strike Forester's declaration, arguing that he "fails to provide any factual basis that a Risk Manager would have knowledge of when a hotel room is cleaned" and that he "does not reference or include any policy or procedure that outlines the standard for cleaning rooms . . . ." Doc. 22, p. 14. The court determines that Mr. Forester's declaration is made based on personal knowledge and that knowledge of such issues is well within the ambit of a hotel risk manager.

had actual notice of this hazard. Additionally, plaintiff has submitted nothing to create a factual issue as to defendant's cleaning policies. The presence of a single worm, as plaintiff's images show, or four as he claimed he saw, in the shower is insufficient to show that defendants failed to properly clean the bathrooms at the hotel and thereby should have known of possible pests in the showers. The Louisiana Second and Fifth Circuits recently agreed, refusing to impose liability on a hotel owner for the presence of ants in a room without a record of such incidents or evidence of the facility's failure to properly clean the rooms.[2] *See Kennedy*, 245 So.3d at 1102–04; *Robertson v. Boomtown Belle Casino*, 359 So.3d 56, 60–62 (La. Ct. App. 5th Cir. 2023). Accordingly, defendants have met their burden in this matter at the summary judgment stage.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 19] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of August, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In both of these cases defendants also submitted records that exterminators had regularly treated the hotels. But the housekeeping regimen described here, including a disinfectant bathroom cleaner, appears sufficiently targeted to the "drain worms" at issue. Plaintiff fails to submit any competent evidence, beyond his own suppositions, on what more the hotel should have done or must have failed to do.